MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone No. (212) 637-2741
Facsimile No. (212) 637-2750
Email: andrew.mcneela@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PATRICK FRATELLONE. M.D., d/b/a          :
FRATELLONE MEDICAL ASSOCIATES, LLP.,     :
                                         :
                   Plaintiff,            :
                                         :
              v.                         :     Dkt. No. 08 Civ. 3100 (RMB)
                                         :
MICHAEL O. LEAVITT, Secretary of the     :
Department of Health and  Human Services, and  :    **ANSWER**
THE CENTERS FOR MEDICARE AND             :
MEDICAID SERVICES,                       :
                                         :
                   Defendants.           :
-----------------------------------------------------------------x

       Defendant Michael O. Leavitt, Secretary of the U.S. Department of Health and Human

Services (the "Secretary" or "HHS"), by his attorney, Michael J. Garcia, United States Attorney

for the Southern District of New York, answers the complaint filed herein as follows:[1]

       1.      Admits.

       2.      Denies the allegations of paragraph 2 of the complaint, except admits that

defendant Secretary does business at 26 Federal Plaza, in the Borough of Manhattan, City of New

_____

       [1]The Centers for Medicare and Medicaid Services is improperly named as a defendant.
See 42 C.F.R. § 405.1136(d).

York.

3.      The allegations of paragraph 3 of the complaint are statements of jurisdiction, to which no response is required.  To the extent a response is required, denies the allegations.

4.      The allegations of paragraph 4 of the complaint are statements of law, to which no response is required.  To the extent a response is required, denies the allegations.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

<u>FIRST CAUSE OF ACTION REQUESTING JUDICIAL REVIEW UNDER</u>
<u>42 C.F.R. § 405.875</u>

6.      Denies the allegations contained in paragraph 6 of the complaint except admits, upon information and belief, that plaintiff provided treatment known as Enhanced External Counterpulsation (EECP) therapy to the beneficiaries named in paragraph 6 of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint, in that plaintiff failed to specify the invoices.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, in that plaintiff failed to specify the invoices that were allegedly paid.

9.      Denies.

10.     Denies the allegations of paragraph 10 of the complaint, except admits that the Administrative Record contains a letter from Medicare contractor, Empire Medicare Services dated February 16, 2006, and respectfully refers the Court to that letter for a true and accurate

description of its contents.[2]

11.     Denies.

12.     Denies the allegations of paragraph 12 of the complaint, except admits that the Administrative Record contains a Medicare Redetermination Notice from Empire Medicare Services dated August 16, 2006, and respectfully refers the Court to that notice for a true and accurate description of its contents.

13.     Denies the allegations of paragraph 13 of the complaint, except admits that the Administrative Record contains a letter from counsel for Plaintiff dated October 11, 2006, and respectfully refers the Court to that letter for a true and accurate description of its contents.

14.     Denies the allegations of paragraph 14 of the complaint, except admits that the Administrative Record contains a letter from the Qualified Independent Contractor dated December 15, 2006, and respectfully refers the Court to that letter for a true and accurate description of its contents.

15.     Denies the allegations of paragraph 15 of the complaint, except admits that the Administrative Record contains a letter from counsel for plaintiff dated February 8, 2007, and respectfully refers the Court to that letter for a true and accurate description of its contents.

16.     Denies the allegations of paragraph 16 of the complaint, except admits that the Administrative Record contains a decision of an Administrative Law Judge dated May 7, 2007, and respectfully refers the Court to that decision for a true and accurate description of its contents.

---

[2] Defendant notes that the Administrative Record contains an incomplete copy of the February 16, 2006 letter, and will move to supplement the record at an appropriate time so that the entire letter can be made part of the record.

17.    Admits.

18.    Denies the allegations contained in paragraph 18 of the complaint, except admits that the Administrative Record contains a decision of the Medicare Appeals Council dated February 21, 2008, and respectfully refers the Court to that decision for a true and accurate description of its contents.

19.    Denies.

20.    The allegations of paragraph 20 of the complaint constitute Plaintiff's characterization of this action as well as legal conclusions, to which no response is required.  To the extent a response is required, denies the allegations of paragraph 20 of the complaint.

21.    Denies.

22.    The allegations of the unnumbered paragraph beginning "Wherefore," and including subparagraphs (a) through (d), constitute prayers for relief, to which no response is required.  To the extent a response is required, denies the allegations.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

This Court lacks subject matter jurisdiction under 28 U.S.C. § 1361.

<u>Second Affirmative Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Third Affirmative Defense</u>

The Centers for Medicare and Medicaid Services of the U.S. Department of Health and Human Services is not a proper defendant in this action pursuant to 42 C.F.R. § 405.1136(d).

-4-

<u>Fourth Affirmative Defense</u>

Plaintiff is not entitled to payment for any of the services for which he alleges he was improperly denied coverage by Medicare.

WHEREFORE, defendant Michael Leavitt, Secretary, Department of Health and Human Services, respectfully requests that the Court enter judgment in favor of Defendant, dismissing the complaint, awarding Defendant his costs for defense of this action, and awarding him such other relief as this Court considers just and proper.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants


By:        /s/ Andrew M. McNeela   
ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY 10007
Tel: (212) 637-2741
Fax: (212) 637-2750


To:    Abraham Wax, Esq.
      c/o Manuel Pardo
      Abraham Wax, P.C.
      Attorneys for plaintiff
      750 Third Avenue, 29th Floor
      New York, NY 10017